UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHERYL ANGELO, Individually and as Personal Representative of the ESTATE OF RICHARD ANGELO,<br><br>Plaintiff,<br><br>v.<br><br>USA TRIATHLON,<br><br>Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No. 13-cv-12177-ADB<br>(Consolidated Action)<br>(Lead Case) |
| CHERYL ANGELO, Individually and as Personal Representative of the ESTATE OF RICHARD ANGELO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES COAST GUARD, and UNITED STATES COAST GUARD AUXILIARY,<br><br>Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No. 14-cv-14260<br>(Consolidated Action) |

## MEMORANDUM AND ORDER

January 12, 2016

D.J. BURROUGHS

On August 18, 2012, Richard Angelo ("Mr. Angelo") died while participating in the

swim portion of a triathlon in Lake Champlain, near Burlington, Vermont. Plaintiff Cheryl

Angelo ("Plaintiff" or "Ms. Angelo"), Mr. Angelo's wife, individually and as personal

representative of Mr. Angelo's estate, has brought separate actions against USA Triathlon as the

sponsor of the event, and the United States of America, United States Coast Guard, and United States Coast Guard Auxiliary (collectively, the "U.S. Defendants"). Presently before the Court are the U.S. Defendants' Motion for Summary Judgment and the Plaintiff's Motion to Amend the Complaint. For the reasons stated herein, the Motion for Summary Judgment is <u>DENIED</u> and the Motion to Amend the Complaint is <u>GRANTED</u>.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### a.   Factual Background

The following facts are stated in the light most favorable to Plaintiff, the nonmoving party. On February 15, 2012, the Executive Director of "Run Vermont" submitted to the U.S. Coast Guard ("Coast Guard") an application for a permit to conduct the USA Triathlon National Championships within the harbor area of Burlington Bay on Lake Champlain near Burlington, Vermont. [ECF No. 20-1].[1] On April 18, 2012, the Coast Guard issued a permit for the event. [ECF No. 20-3]. The permit noted that the Coast Guard maintained "the authority to postpone, temporarily stop, or cancel the event due to violation of the permit stipulations, loss of control over participants or spectators, or the development of dangerous conditions," but that USA Triathlon, the sponsoring organization, would ultimately be "responsible for conducting [the] event in a safe manner" and that "[b]y approving [the] event, the Coast Guard [did] not assume responsibility for the safety of the participants." <u>Id.</u>

The swim portion of the competition took place on August 18, 2012. [ECF No. 23 at 3]. During the swim, two Coast Guard personnel on patrol spotted Mr. Angelo swimming outside the designated swim area. <u>Id.</u> Sometime later, they saw Mr. Angelo face down and motionless in

---

[1] All docket citations in this opinion refer to documents filed on the original docket for this case, before it was consolidated. All subsequent documents should be filed on the docket for the lead case—Civil Action No. 13-cv-12177-ADB.

the water, and they tried to rescue him. After additional law enforcement and safety personnel came to the scene, Mr. Angelo was extracted from the water, but attempts to resuscitate him were unsuccessful. He was pronounced dead later that day. Id.

Because little discovery had occurred by the time the U.S. Defendants filed their Motion for Summary Judgment, many facts regarding the events leading up to and during the triathlon remain unclear and in dispute, including the extent of the Coast Guard's role in ensuring the safety of the event and what actually occurred during the attempted rescue.

### b. Procedural History

Ms. Angelo initiated litigation in connection with her husband's death in July 2013, when she filed a complaint against USA Triathlon in Essex County Superior Court in Massachusetts. Ms. Angelo brought claims for wrongful death, conscious pain and suffering, punitive damages, and negligent infliction of emotional distress against USA Triathlon. USA Triathlon removed the action to the Federal District of Massachusetts, where the case was assigned to Judge Zobel and then subsequently reassigned to Judge Sorokin. In its Notice of Removal, USA Triathlon asserted a counterclaim for indemnification. After limited discovery, USA Triathlon moved for summary judgment on the counterclaim. In a September 2014 opinion, Judge Sorokin granted the motion for summary judgment in part. Angelo v. USA Triathlon, No. CIV.A. 13-12177-LTS, 2014 WL 4716195 (D. Mass. Sept. 19, 2014). He held that by signing the USA Triathlon membership agreement before the triathlon, Mr. Angelo, and by extension his estate, agreed to indemnify USA Triathlon for any losses arising from his participation in the triathlon, including losses associated with lawsuits arising from his participation, even if brought by his estate. The court further held, however, that under Massachusetts law, such indemnity could cover losses caused by USA Triathlon's ordinary negligence, but not losses caused by its gross negligence.

On August 14, 2014, Ms. Angelo filed a second complaint, this one against the U.S.

Defendants, in the U.S. District Court for the District of Vermont. [ECF No. 1]. The complaint,

which was amended before a summons was issued [ECF No. 2], alleged that the U.S.

Defendants' negligent rescue efforts caused Mr. Angelo's death and inflicted emotional distress

on Ms. Angelo. In December 2014, the matter was transferred to the District of Massachusetts by

stipulation and assigned to Judge Sorokin, who consolidated it with Ms. Angelo's case against

USA Triathlon. [ECF Nos. 7 & 13]. On February 26, 2015, both actions were reassigned to this

Court. [ECF No. 18]. On March 2, 2015, the Court entered a joint scheduling order for the two

cases. The scheduling order required amendments to the pleadings to be filed by July 1, 2015,

fact discovery to be completed by March 1, 2016, and any dispositive motions to be filed by

August 1, 2016.

On May 5, 2015, the U.S. Defendants filed a Motion for Summary Judgment on all

counts, arguing that, as maritime rescuers, they are protected from liability under the Good

Samaritan Doctrine, which requires that to prevail on a theory of negligent rescue, a plaintiff

show both that the rescuers acted negligently and worsened the victim's condition. [ECF No. 20

at 4-5]. They maintain that here, "there is no reasonable argument that the Coast Guard worsened

Mr. Angelo's situation in any way." Id. at 5. Ms. Angelo filed her opposition to the Motion for

Summary Judgment on June 9, 2015. [ECF No. 23]. Her opposition is two-fold: first, she argues

that the Motion for Summary Judgment is premature under Fed. R. Civ. P. 56(d) and second, that

there remain substantial disputes as to material facts concerning the rescue and the events

preceding it. Plaintiff attached an attorney affidavit to her opposition brief that explains why the

U.S. Defendants' motion should be denied or deferred under Rule 56(d). [ECF No. 23-1]. The

U.S. Defendants filed a reply on June 22, 2015. [ECF No. 25].

Further, on June 19, 2015, Ms. Angelo moved to amend the complaint. [ECF No. 24].

The proposed amended complaint contains additional details regarding the Coast Guard's

involvement in the triathlon, as well as new counts for wrongful death, pain and suffering,

punitive damages, and negligent infliction of emotional distress under Massachusetts law.[2] On

June 29, 2015, the U.S. Defendants filed an opposition to the Motion to Amend [ECF No. 29],

and on July 13, 2015, Ms. Angelo filed a reply, [ECF No. 33].

## II.   MOTION FOR SUMMARY JUDGMENT

### a.   Legal Standard

The First Circuit has cautioned that "trial courts should refrain from entertaining

summary judgment motions until after the parties have had a sufficient opportunity to conduct

necessary discovery." Velez v. Awning Windows, Inc., 375 F.3d 35, 39 (1st Cir. 2004). Still,

"[a] party who legitimately requires more time to oppose a motion for summary judgment has a .

. . responsibility to make the court aware of its plight." Id. A party needing more time for

discovery may invoke Fed. R. Civ. P. 56(d) ("Rule 56(d)"), under which the court may deny or

defer a pending motion for summary judgment after the nonmovant shows by affidavit or

declaration that it cannot present facts essential to justify its opposition.[3] "Rule 56(d) serves a

valuable purpose. It protects a litigant who justifiably needs additional time to respond in an

effective manner to a summary judgment motion." Rivera-Almodovar v. Instituto

Socioeconomico Comunitario, Inc., 730 F.3d 23, 28 (1st Cir. 2013).

---

[2] The original complaint, filed in Vermont, asserted claims only under Vermont law. [ECF No. 1].

[3] Before the December 2010 amendments to the Rules of Civil Procedure, this rule was codified as Fed. R. Civ. P. 56(f).

Rule 56(d) is not "self-executing." <u>Id.</u> A party using Rule 56(d) to oppose a motion for summary judgment must make a timely showing as to why it would be premature for the court to render a summary judgment decision. Specifically, to receive the protections of Rule 56(d), the nonmovant must provide the trial court "with a timely statement—if not by affidavit, then in some other authoritative manner—that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." <u>Hicks v. Johnson</u>, 755 F.3d 738, 743 (1st Cir. 2014) (quoting <u>Velez</u>, 375 F.3d at 40). The nonmovant must also "set forth good cause to explain [her] failure to have conducted the desired discovery at an earlier date." <u>Id.</u> (quoting <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 44 (1st Cir. 1998)); <u>see also</u> <u>Pina v. Children's Place</u>, 740 F.3d 785, 794 (1st Cir. 2014) ("Typically, a successful Rule 56(d) motion must: 1) be timely; 2) be authoritative; 3) show good cause for failure to discover the relevant facts earlier; 4) establish a plausible basis for believing that the specified facts probably exist, and 5) indicate how those facts will influence the outcome of summary judgment."). Consistent with the "salutary purposes" underlying the rule, the First Circuit has instructed district courts to "construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." <u>Resolution Tr. Corp. v. N. Bridge Assocs., Inc.</u>, 22 F.3d 1198, 1203 (1st Cir. 1994) (citations omitted).

### b.  Discussion

The Court finds that Plaintiff has met her burden under Rule 56(d) and accordingly denies the pending Motion for Summary Judgment. Ms. Angelo has submitted a timely and authoritative document that explains why she is currently unable to present certain facts that

might influence the outcome of the pending motion and why she may able to do so in the future, with the benefit of additional discovery.

As explained in the attorney affidavit, the summary judgment motion was filed just over two months after the Court ordered the discovery schedule, and only a week after the parties exchanged initial disclosures. [ECF No. 23-1, ¶ 2]. At the time the U.S. Defendants' filed their motion, no fact depositions had been taken, and the parties had yet to complete any interrogatories or document requests. Id., ¶ 3. Accordingly, Plaintiff has shown good cause for her failure to discover the relevant facts earlier—the U.S. Defendants moved for summary judgment before Plaintiff had virtually any opportunity for discovery.

In addition, Plaintiff has demonstrated that additional discovery is likely to uncover facts that may influence the outcome of the pending motion. Discovery would allow for a more detailed inquiry into the preparations leading up to the triathlon as well as the facts and circumstances of the attempted rescue. For example, the U.S. Defendants attached as an exhibit to their Motion for Summary Judgment a declaration from one of the Coast Guard personnel involved in the rescue. [ECF No. 20-5]. Plaintiff should have been given the opportunity to depose that individual and others involved in the rescue before having to oppose the motion.

The U.S. Defendants argue that Plaintiff's request should be denied because additional discovery would be futile. [ECF No. 25 at 3]. Plaintiff, however, has easily demonstrated a plausible basis for believing that the undisclosed facts exist, can be obtained, and are material, which is all that is required. See Mass. Sch. of Law at Andover, Inc., 142 F.3d at 44 ("The [Rule 56(d)] moving papers must contain a proffer which, at a bare minimum, articulates a plausible basis for the movant's belief that previously undisclosed or undocumented facts exist, that those facts can be secured by further discovery, and that, if obtained, there is some credible prospect

that the new evidence will create a trialworthy issue."). The U.S. Defendants' Motion for Summary Judgment relies on their version of the attempted rescue, but Plaintiff is entitled to pursue information that may challenge that version of events.

The two First Circuit cases cited in the U.S. Defendants' opposition brief are distinguishable from the instant case and support the conclusion that the 56(d) request should be granted. In the first, Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15 (1st Cir. 1999), the court denied a Rule 56(d) request that was submitted more than nine months after discovery began, and after the district court had already ruled on the motion for summary judgment. Id. at 22-23. In the other, Fennell v. First Step Designs, Ltd., 83 F.3d 526 (1st Cir. 1996), the court denied a Rule 56(d) request filed after the close of discovery. Id. at 531. Here, by contrast, Plaintiff requested Rule 56(d) relief immediately after the defendants moved for summary judgment and where no discovery had occurred, apart from initial disclosures. The First Circuit has instructed district courts to interpret requests under 56(d) generously, and the Court finds that Plaintiff has easily satisfied the requirements of the rule.

The U.S. Defendants argue in the alternative that if the Court declines to dismiss the entire action, it should still rule that the release and indemnity provisions that apply to USA Triathlon also apply to the U.S. Defendants and, accordingly, issue a summary judgment ruling analogous to Judge Sorokin's in the USA Triathlon matter. The Court declines to do so at this juncture. Judge Sorokin's decision in the USA Triathlon case resolved USA Triathlon's motion for summary judgment on its indemnification counterclaim. Here, the U.S. Defendants do not have a counterclaim for indemnification, let alone a motion for summary judgment on the issue.

Moreover, the amended complaint, which, as discussed below, the Court will allow, asserts claims that are consistent with Judge Sorokin's earlier ruling.[4]

Accordingly the U.S. Defendants' Motion for Summary Judgment is denied. Either party may file a subsequent motion for summary judgment, after the parties have conducted adequate discovery.

## III.   MOTION TO AMEND

Next, the Court will allow the Motion to Amend the Complaint. Plaintiff filed the motion on June 19, 2015, before the July 1, 2015 deadline for amendments set by the Court's scheduling order. Plaintiff has amended the complaint to: include facts revealed by the Defendant's initial disclosures, add an additional jurisdictional basis for the action, and plead Massachusetts causes of action in the alternative, now that the action has been transferred to this Court from Vermont. [See ECF No. 24-1].

Where, as here, a plaintiff seeks to amend a complaint more than 21 days after a motion to dismiss or answer has been filed, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to file amended pleadings "shall be freely given when justice so requires." Id. Reasons for denying a motion to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). The U.S. Defendants have not demonstrated undue delay, bad faith, undue prejudice, or any other reason to deny the motion, where the motion was filed in accordance with the schedule previously ordered by the Court. Moreover, their

---

[4] Judge Sorokin held that, by virtue of the release and indemnity provision, USA Triathlon was not liable for pain and suffering caused by its ordinary negligence. Count II of the proposed amended complaint, for pain and suffering under Massachusetts Law, is limited to gross negligence. [ECF 24-1, ¶¶ 28-30].

suggestion that the amendment would be futile is moot, now that their Motion for Summary Judgment has been denied.

**IV.     CONCLUSION**

For the reasons stated herein, the U.S. Defendants' Motion for Summary Judgment is DENIED and Plaintiff's Motion to Amend the Complaint is ALLOWED. The parties should continue to abide by the existing discovery schedule, and should promptly notify the Court by letter if they are unable to do so.

**SO ORDERED.**

Dated: January 12, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. District Judge